

SO ORDERED.

SIGNED this 13th day of April, 2015.

_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge
_____

**For online use but not print publication.**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In Re:** | |
| **FLEX FINANCIAL HOLDING COMPANY,** | **CASE NO. 13-21483** |
| DEBTOR. | **CHAPTER 11** |
| **FLEX FINANCIAL HOLDING COMPANY,** | |
| PLAINTIFF, | |
| **v.** | **ADV. NO. 14-06070** |
| **ONEBEACON INSURANCE GROUP LLC and ATLANTIC SPECIALTY INSURANCE COMPANY,** | |
| DEFENDANTS. | |

**MEMORANDUM OPINION AND ORDER REJECTING PLAINTIFF'S MOTION**
**TO STRIKE DEFENDANTS' DEMAND FOR JURY TRIAL**

Plaintiff Flex Financial Holding Company (Flex) has moved to strike the demand of Defendants OneBeacon Insurance Company and Atlantic Specialty Insurance Company for trial by jury.[1] Defendants oppose the motion. No oral argument was requested, and the matter is under advisement following the completion of briefing.[2] The Court has jurisdiction.[3]

**BACKGROUND FACTS.**

Debtor/Plaintiff Flex filed this adversary proceedings on September 3, 2014. The Complaint is titled Complaint for Declaratory Judgment. It states it was filed "to determine and resolve the rights and obligations of the parties under the contract of insurance issued by Defendant One Beacon Insurance Group LLC and its member company Atlantic Specialty Insurance Company to Debtor/Plaintiff related to damage to property owned by Debtor/Plaintiff."[4] The Complaint alleges as follows. Defendants issued a policy of insurance to Flex for two properties, one located in Merriam, Kansas

---

[1] Doc. 15. A related matter, Defendants' motion to withdraw reference (doc. 13), is also under advisement following briefing. A report and recommendation will be filed by separate document.

[2] Plaintiff appears by Jonathan A. Margolies and Donald G. Scott, of McDowell, Rice, Smith & Buchanan. Defendants appear by Curtis O. Roggow of Sanders,Warren & Russell, LLP.

[3] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). Defendants have filed a motion to withdraw reference for cause, primarily to preserve their claimed right to jury trial. Hence, the motion to strike the demand for jury trial is addressed before consideration of the motion to withdraw reference.

[4] Doc. 1, 1.

and the other in Gladstone, Missouri, for the period December 15, 2012 to December 15,

2013.  On or about April 11, 2013, Flex reported claims for damage to two insured

buildings located on the Merriam, Kansas property from a wind and hail storm on or

about April 7, 2013.

Flex filed for relief under Chapter 11 on June 10, 2013. By letter date July 24,

2013, Defendants advised Flex that the policy provided coverage for the claim and sent a

check to Flex in the amount determined to be the net claim.  Flex advised Defendants that

it believed the policy required additional compensation.  The adversary proceeding was

filed on September 3, 2014.  The only count is for declaratory relief.  It alleges that "[a]n

actual controversy exists between Debtor/Plaintiff and Defendants concerning the

appropriate coverage, appropriate loss payments and any applicable deductible for the

claims . . .."[5]  The prayer requests the an entry of judgment declaring that Defendants

have a duty under the insurance policy to provide coverage for the claims as follows:

> (a) Provide full replacement of the sloped and the flat
> modified bitumen roof coverings, air conditioning (HVAC)
> units atop the roof, metal copings and flashings, ventilation
> covers, window frames and canopy covers at the estimated
> expense of  . . .  $1,011,711.10;
> (b) Provide coverage for the resulting Business Income Loss
> and Extra Expense;
> (c) Apply no depreciation deduction to the Replacement Cost;
> (d) Apply a $25,000 deductible to each building; and
> (e) For such other relief as the Court deems just and proper
> under the circumstances.[6]

---

[5] *Id*. at 11.

[6] *Id*.

3

After being granted an extension of time to answer or otherwise respond to the

Compliant, Defendants filed their answer on December 1, 2014.[7]  The answer prays that

the Court find that Defendants have already paid the full amount owed for the loss of

April 7, 2013, and have otherwise fulfilled all their other obligations under the insurance

policy.  The affirmative defenses include the allegation that Flex's "claims are barred by

failure to comply with all policy conditions concerning timely notice of losses claimed

under the policy, cooperation with the insurance company, or making repairs or resuming

operations as quickly as possible."[8]  Pursuant to Rules 38 and 39 of the Federal Rules of

Civil Procedure, the answer included a demand for jury trial.[9]

Flex moved to strike the jury trial demand on December 24, 2014.[10]  It argues that

there is no right to jury trial "because this action solely seeks relief in the form of

construction of the language of a written contract of insurance and determination of the

meaning of the written contract provisions, matters long held to be within the province of

determination by a judge rather than a jury."[11]  Defendants respond that there is a right to

jury trial because this action is essentially a breach of contract action.  They argue that the

_____

[7] Doc. 8.

[8] *Id*. at 7.

[9] *Id*. at 8.

[10] Doc. 15.

[11] *Id*. at 2.

4

Complaint not only seeks an interpretation of the insurance contract but also clearly seeks monetary damages beyond the repair costs that Defendants have already paid.[12]

**ANALYSIS.**

"The Seventh Amendment provides that '[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...'"[13] The amendment is applied using a two part historical test which asks (1) whether the court is dealing with a cause of action that was either tried at law at the time of the founding or is at least analogous to one that was and (2) if the action "belongs in the law category, . . . whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791."[14] Under the test, the right to a jury trial "is preserved in suits in which legal rights were to be ascertained, in contradistinction to those where equitable rights alone were recognized, and equitable rights alone were recognized."[15] Although at times it is difficult to draw the line between legal and equitable rights, "some proceedings are unmistakably actions at law triable to a jury. The Seventh Amendment, for example, entitled the parties to a jury trial in actions for damages to a person or property, for liable and slander, for recovery of land, and for

---

[12] Doc. 20, 5.

[13] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996) (*citing* U.S. Const. Amdt. 7.)

[14] *Id.*

[15] *Ross v. Bernhard*, 396 U.S. 531, 533 (1970) (*quoting Parsons v. Bedford, Breedlove & Robeson*, 3 Pet. 433, 447 (1830)).

5

conversion of personal property."[16]  "Generally, breach of contract actions claiming

monetary damages were tried to a jury."[17]  "By contract, actions seeking reformation of a

contract were tried to the judge, as were actions seeking specific performance of a

contract."[18]  "[O]ne historian observed that it was generally the practice of judges in the

late 18th century 'to keep the construction of writing *out of the jury's hands* and reserve it

for themselves.'"[19]

The Declaratory Judgement Act,[20] which Flex cites as authority for the proceeding,

"specifically preserves the right to jury trial for both parties."[21]  The right to a jury trial

remains unchanged.[22]  "Declaratory relief may be legal or equitable depending on the

'basic nature of the underlying issues.'"[23]  Respected commentators on federal practice

suggest that "to resolve whether there is a right to a  jury trial in a declaratory judgment

action, it is necessary to determine in what kind of action the issue would have come to

---

[16] *Id.*

[17]  *Fischer Imaging Corp. v. Gen. Elec. Co.*, 187 F.3d 1165, 1169 (10th Cir. 1999); *see Ross*, 396 U.S. at 542.

[18] *Id.* (*citing* 9 Wright & Miller, *Federal Practice and Procedure Civil 2d* §§ 2309 &  2316 (1982)).

[19] *Markman v. Westview Instruments, Inc.*, 517 U.S. at 383 n. 7 (*quoting* 9 J. Wigmore, *Evidence* § 2461, p. 194 (J. Chadbourn rev. ed. 1981)).

[20] 28 U.S.C. § 2201, et. seq.

[21] *Beacon Theatres v. Westover*, 359 U.S. 500, 504 (1959).

[22] *Simler v. Conner*, 372 U.S. 221, 223 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action.").

[23] *Fischer Imaging Corp.*, 187 F.3d at 1168.

6

the court if there were no declaratory judgment procedure."[24]  This procedure has been

utilized by the Tenth Circuit Court of Appeals.[25]

In this case, without a declaratory judgment action, Flex, after being advised of the

insurance proceeds to be paid and concluding that more was owed under the policy,

could have sued Defendants for breach of the insurance contract.  Alternatively,

Defendants could have sued Flex seeking a determination that it has fulfilled its duties

under the insurance contract, in which case Flex could have counterclaimed for damages.

In both situations, the damage claims would be triable to a jury.  The Court therefore

finds that, even though this action is brought as one for declaratory relief, there is a right

to jury trial because, absent the availability of declaratory relief, the issues would have

been determined in an action for breach of contract.

The Court rejects Flex's reliance on cases holding that there is no right to a jury

trial when the issue is construction of a written contract.  As stated in *SCO Group*, a case

quoted by Flex, that rule applies in declaratory judgment actions when the claim "seeks

construction of a contract and *no relief akin to damages*."[26]  Review of the relief sought

by Plaintiff reveals that it seeks relief akin to damages.  Included in the prayer are

requests for declarations that Defendants have a duty under the policy to:  provide full

---

[24] 9 Wright & Miller, Federal Practice and Procedure, § 2313 at 170 (3rd ed. 2008).

[25] *Fischer Imaging Corp.*, 187 F.3d at 1171.

[26] *The SCO Group, Inc. v. Novell, Inc.*, 2007 WL 2684537 *6 (D. Utah, Sept. 7, 2007) (*citing Manning v. United States*, 146 F.3d 808, 813 (10th Cir. 1998) (emphasis supplied).

replacement on the roof and related items for a cost of $1,011,711.10; provide coverage

for business income loss and extra expense; apply no depreciation deduction to the

replacement cost; and apply a $25,000 deductible to each building. Flex's prayer is for

orders framed as declarations, but their essence is recovery of damages, dependant upon

the resolution of many issues of fact as well as construction of the insurance policy.

"[T]he right to trial by jury does not depend upon the choice of words used in

pleadings."[27]

**CONCLUSION.**

For the foregoing reasons, the Court denies Flex's motion to strike Defendants'

demand for jury trial. The court finds that Defendants have a constitutional right to trial

by jury on claims alleged in the Complaint.

**IT IS SO ORDERED.**

### ###

---

[27] *Bruce v. Bohanon*, 436 F.2d 733, 736 (10th Cir. 1970) (*citing Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962)).

8