**SO ORDERED.**

**SIGNED this 9th day of June, 2015.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

For online use but not print publication.
## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>**FLEX FINANCIAL HOLDING COMPANY,**<br>　　　　　DEBTOR. | CASE NO. 13-21483<br>CHAPTER 11 |
| **FLEX FINANCIAL HOLDING COMPANY,**<br>　　　　　PLAINTIFF,<br><br>v.<br><br>**ONEBEACON INSURANCE GROUP LLC and<br>ATLANTIC SPECIALTY INSURANCE COMPANY,**<br>　　　　　DEFENDANTS. | ADV. NO. 14-06070 |

**AMENDED
MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO RECONSIDER
MEMORANDUM OPINION AND ORDER REJECTING PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S DEMAND FOR JURY TRIAL**

Plaintiff Flex Financial Holding Company (Flex) moved to strike the demand of Defendants OneBeacon Insurance Company and Atlantic Specialty Insurance Company for trial by jury.[1] Defendants opposed the motion. By Memorandum Opinion and Order Rejecting Plaintiff's Motion to Strike Defendants' Demand for Jury Trial (Opinion)[2] filed on April 13, 2015, the Court found that Defendants have a constitutional right to trial by jury in this action. Plaintiff filed a motion to reconsider on April 27, 2015. Finding no error in the Opinion, the Court denies the motion to reconsider.

The background facts, as previously found in the Opinion[3], are as follows:

> Debtor/Plaintiff Flex filed this adversary proceedings on September 3, 2014. The Complaint is titled Complaint for Declaratory Judgment. It states it was filed "to determine and resolve the rights and obligations of the parties under the contract of insurance issued by Defendant One Beacon Insurance Group LLC and its member company Atlantic Specialty Insurance Company to Debtor/Plaintiff related to damage to property owned by Debtor/Plaintiff."[4] The Complaint alleges as follows. Defendants issued a policy of insurance to Flex for two properties, one located in Merriam, Kansas and the other in Gladstone, Missouri, for the period December 15, 2012 to December 15, 2013. On or about April 11, 2013, Flex reported claims for damage to two insured buildings located on the Merriam, Kansas property from a wind and hail storm on or about April 7, 2013.
> Flex filed for relief under Chapter 11 on June 10, 2013. By letter date July 24, 2013, Defendants advised Flex that the

---

[1] Doc. 15. A related matter, Defendants' motion to withdraw reference was also filed. Doc. 13. A report and recommendation was filed. Doc. 39.

[2] Doc. 37.

[3] Doc. 37 at 2-5.

[4] Doc. 1, 1.

policy provided coverage for the claim and sent a check to Flex in the amount determined to be the net claim. Flex advised Defendants that it believed the policy required additional compensation. The adversary proceeding was filed on September 3, 2014. The only count is for declaratory relief. It alleges that "[a]n actual controversy exists between Debtor/Plaintiff and Defendants concerning the appropriate coverage, appropriate loss payments and any applicable deductible for the claims ....."[5] The prayer requests the an entry of judgment declaring that Defendants have a duty under the insurance policy to provide coverage for the claims as follows:

(a) Provide full replacement of the sloped and the flat modified bitumen roof coverings, air conditioning (HVAC) units atop the roof, metal copings and flashings, ventilation covers, window frames and canopy covers at the estimated expense of . . . $1,011,711.10;
(b) Provide coverage for the resulting Business Income Loss and Extra Expense;
(c) Apply no depreciation deduction to the Replacement Cost;
(d) Apply a $25,000 deductible to each building; and
(e) For such other relief as the Court deems just and proper under the circumstances.[6]

After being granted an extension of time to answer or otherwise respond to the Compliant, Defendants filed their answer on December 1, 2014.[7] The answer prays that the Court find that Defendants have already paid the full amount owed for the loss of April 7, 2013, and have otherwise fulfilled all their other obligations under the insurance policy. The affirmative defenses include the allegation that Flex's "claims are barred by failure to comply with all policy conditions concerning timely notice of losses claimed under the policy, cooperation with the insurance company, or

---

[5] *Id*. at 11.

[6] *Id*.

[7] Doc. 8.

3

making repairs or resuming operations as quickly as possible."[8] Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, the answer included a demand for jury trial.[9]

Flex moved to strike the jury trial demand on December 24, 2014.[10] It argues that there is no right to jury trial "because this action solely seeks relief in the form of construction of the language of a written contract of insurance and determination of the meaning of the written contract provisions, matters long held to be within the province of determination by a judge rather than a jury."[11] Defendants respond that there is a right to jury trial because this action is essentially a breach of contract action. They argue that the Complaint not only seeks an interpretation of the insurance contract but also clearly seeks monetary damages beyond the repair costs that Defendants have already paid.[12]

**ANALYSIS.**

As stated in the Opinion, the Seventh Amendment right to jury trial is "applied using a two part historical test which asks (1) whether the court is dealing with a cause of action that was either tried at law at the time of the founding or is at least analogous to one that was and (2) if the action "belongs in the law category, . . . whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law

---

[8] *Id*. at 7.

[9] *Id*. at 8.

[10] Doc. 15.

[11] *Id*. at 2.

[12] Doc. 20 at 5.

right as it existed in 1791."[13] When seeking reconsideration, Plaintiff contends the Court erred because it did not "apply the second part of the historical test, consideration of whether under the common law in 1791 judges or juries construed written contracts."[14] This is not correct.

The Opinion recognized that in the 18th century construction of written documents was kept out of the jury's hands, but breach of contract actions for damages were tried to a jury.[15] The Court then applied a two part test to determine whether there is a jury trial right in this declaratory judgment case. First, the Court applied the rule "to resolve whether there is a right to a jury trial in a declaratory judgment action, it is necessary to determine in what kind of action the issue would have come to the court if there were no declaratory judgment procedure."[16] This lead to the conclusion that the action would have been one for damages for breach of contract, an action which was tried at law in the 18th century. Second, the Court reasoned that because in the 18th century there was a right to jury trial in a suit for contract damages, in order to preserve the common-law right, the motion to strike should be denied. Although to resolve the insurance coverage dispute, the Court will have the duty to construe the insurance contract, there is a constitutional right to trial by jury on the factual issues relating to the proper amount of the claim.

---

[13] Doc. 37 at 5, *quoting Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996).

[14] Doc. 46, 3.

[15] Doc. 37, 6.

[16] *Id.*, 6-7, *quoting* 9 Wright & Miller, *Federal Practice and Procedure*, § 2313 at 170 (3rd ed. 2008).

5

When seeking reconsideration, Plaintiff steadfastly adheres to its position that because its Complaint frames the relief sought in terms of construction of the contract of insurance, that there is no right to jury trial. Plaintiff's position is contrary to the statement of the Supreme Court that "the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings."[17] Plaintiff's position does not recognize that more than contract construction is sought. The Complaint alleges that an actual controversy exists concerning coverage, loss payments, and deductibles for the claim; these are not solely issues of contract construction. Further, the prayer requests a determination that the policy requires replacement of roof coverings, HVAC units, metal copings and flashings, ventilation covers, window frames and canopy covers at the estimated expense of over $1 million. The Court could not make such a determination based upon construction of the insurance contract alone; extrinsic evidence concerning the loss, such as whether the claimed loss was caused by hail, would be required. Likewise determination of coverage for business income loss and extra expenses would require determination of the amount of the loss based upon extrinsic evidence. Plaintiff's claims involve contract construction and breach of contract.

Plaintiff takes issue with the Court's analysis that, without a declaratory judgment action, the issues presented would have been determined in an action for breach of contract. Plaintiff suggests that the action could have been brought as an action for

---

[17] *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-478 (1962).

Case 14-06070   Doc# 53   Filed 06/09/15   Page 6 of 8

specific performance or for injunctive relief, which are equitable remedies. But these alternatives would not preclude a jury trial if plaintiff continued to request a ruling that defendants are liable under the insurance contracts for specific losses as alleged in the Complaint. As to the right to jury trial in a specific performance action, respected commentators state:

> In view of a number of Supreme Court decisions, it now seems clear that the right of the parties to have a jury trial upon demand cannot be defeated by the fact that the claim for specific performance is joined with the claim for damages. If a jury is requested it must be allowed to pass on the issues of fact that relate to the breach claim, and those common to both remedies, and the court must decide whether to give specific performance in light of the facts as found by the jury.[18]

Likewise, framing the case as one for injunctive relief could not defeat the right to a jury trial if damages were incidentally sought.

> The Supreme Court now has made it wholly clear that a claim that otherwise would be triable to a jury must be so tried even though it may be thought "incidental" to a claim for an injunction. The order of trial must be arranged so that any issues common to the legal claim and the claim for an injunction are tried to a jury at the outset, with the court thereafter resolving any purely equitable issues in the case.[19]

**CONCLUSION.**

For the foregoing reasons, the Plaintiff's motion to reconsider the Opinion denying Plaintiff's motion to strike Defendants' demand for jury trial is denied. The allegations of

---

[18] 9 Wright & Miller, *Federal Practice and Procedure*, ¶ 2309 at 143-44 (3rd ed. 2008).

[19] *Id*. at ¶ 2308 at 138.

7

the Complaint include contract construction issues triable to a court and factual issues concerning the cause and amount of loss triable to a jury.

**IT IS SO ORDERED.**

###